Cite as 2026 Ark. App. 214

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-25-147

| | |
|---|---|
| MUMTAZ MF <br><br> APPELLANT <br><br> V. <br><br> SAMMIE LINDSEY AND SMART GROCERY, LLC <br><br> APPELLEES | Opinion Delivered April 1, 2026 <br><br> APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06CV-24-35] <br><br> HONORABLE QUINCEY ROSS, JUDGE <br><br> REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Mumtaz Mf appeals the orders of the Bradley County Circuit Court finding that (1) appellant fraudulently induced appellee Sammi Lindsey into a lease agreement and (2) appellant violated the implied warranty of fitness for a particular purpose. The circuit court denied appellant's counterclaim and awarded appellee $48,910.75 in damages and $5,110.00 in attorney's fees and costs. The circuit court also denied appellant's motion for reconsideration or, in the alternative, to set aside judgment. Appellant argues that the circuit court erred by (1) finding appellant liable for fraudulent inducement, (2) finding that there was a warranty of fitness for a particular purpose because the parties entered a common-law lease, and (3) ignoring Veterans Day 2024 and denying appellant's motion for reconsideration. Because of briefing deficiencies, we are unable to reach the merits of appellant's arguments and instead order rebriefing.

Arkansas Supreme Court Rule 4-2(a)(1)[1] provides that "[o]n the cover of every brief there should appear the number and style of the case, . . . the name or names of counsel who prepared it, including their bar numbers, addresses, telephone numbers, and e-mail addresses." The cover in appellant's brief displays an incorrect case number, referencing a case handed down by this court in March 2025. Additionally, the cover fails to include the attorneys' telephone numbers and email addresses.

Rule 4-2(a)(5)(C) requires the jurisdictional statement of an appellant's brief to note—under Arkansas Supreme Court Rule 1-2—whether the appeal should be decided by the Arkansas Supreme Court or the Arkansas Court of Appeals. Appellant's brief has failed to identify which court under Rule 1-2 should hear the appeal.

Rule 4-2(a)(6) states that the "appellant's brief shall contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. . . . All material information must be supported by citations to the pages of the appellate record where the information can be found." Appellant's statement of the case and the facts is just over one page, but it violates this rule. The statement contains argument with little to no factual or procedural information, and it fails to support the information by citations to the pages in the record.

Rule 4-2(a)(7) provides that appellant's brief "shall be presented under subheadings numbered to correspond to the outline of points to be relied upon. For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue."

[1](2025).

2

Appellant has not put the standard of review under each issue as required, opting instead to place the standard of review under the argument heading. The rule also requires that case citations follow the format prescribed in Rule 5-2. Appellant's brief violates this rule in that it does not follow the uniform citation form found in Rule 5-2(d).

Additionally, Rule 5-2(c) sets out the precedential value of cases issued by both the supreme court and the court of appeals. It specifically states that "[o]pinions of the Supreme Court and Court of Appeals issued before July 1, 2009, and not designated for publication shall not be cited, quoted, or referred to . . . in any argument, brief, or other material presented to any court[.]" Appellant's brief lists at least two 2007 opinions that were not designated for publication in violation of this rule.

We may raise the issue of deficiencies on our own, at any time.[2] The mandatory language of Rule 4-2 prevents us from overlooking counsel's failure to comply with the rules. Accordingly, we order appellant's counsel to file a substituted brief curing any deficiencies within thirty days from the date of this opinion. The list of deficiencies noted is not exhaustive, and we encourage counsel to carefully examine our rules before resubmitting a brief. If appellant fails to file a complying brief within the prescribed time, the judgment may be affirmed or the appeal dismissed for noncompliance with the rule.[3]

Rebriefing ordered.

KLAPPENBACH, C.J., and BARRETT, J., agree.

---

[2]Ark. Sup. Ct. R. 4-4(g)(2)(C) (2025).

[3]*Id.*

*F. Mattison Thomas III* and *Ryan Wolf*, for appellant.

One brief only.